IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>JAMES B. COMEY, JR.,<br><br>   *Defendant*. | Criminal No. 1:25-cr-272-MSN |

ORDER

This matter comes before the Court on the government's Motion for Implementation of Filter Protocol. ECF 38.

On October 13, 2025, the government filed the instant motion, seeking entry of a filter protocol to govern review of electronic evidence "obtained from an attorney" for potentially privileged material acquired through "judicial warrants in a previous government investigation." ECF 38 at 1–2. Defendant filed his opposition to the government's motion on October 27, 2025, in which he raised various objections to the proposed filter protocol and asked this Court to deny the government's motion without prejudice. ECF 71. Defendant further asked the Court to "direct the government to disclose" five categories of information "to allow both the Court and the defense to assess the appropriateness of the protocol[.]" *Id.* at 12.

This Court assesses the appropriate contours of a privilege filter protocol according to the guidelines set forth in *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019), *as amended* (Oct. 31, 2019). In *In re Search Warrant*, a Baltimore law firm challenged the government's use of a Department of Justice filter team to inspect attorney-client privileged materials seized from that firm. *Id.* at 164. The Fourth Circuit reversed the district court's denial of the law firm's motion to enjoin the filter team's review of the seized material. Relevant to this

case, the Fourth Circuit held that "a court is not entitled to delegate its judicial power and related functions to the executive branch, especially when the executive branch is an interested party in the pending dispute." *Id.* at 176. The Fourth Circuit observed that, "[i]n addition to the separation of powers issues" that might arise, allowing members of the executive to conduct the filter, even if those members were trained lawyers, raised the possibility that "errors in privilege determinations" would result in "transmitting seized material to an investigation or prosecution team." *Id.* at 177. It thus determined that the filter protocol "improperly delegated judicial functions to the Filter Team," and that instead, "the magistrate judge (or an appointed special master) — rather than the Filter Team — must perform the privilege review of the seized materials[.]" *Id.* at 178, 181 (collecting cases). The Fourth Circuit further concluded that adversarial proceedings before the magistrate judge were needed prior to the authorization of a filter team and protocol. *Id.* at 179.

Similarly here, briefing on the government's proposed filter protocol raises several legal questions that must be resolved before any protocol is authorized. These questions include, but are not limited to, whether the original warrants authorizing the seizure of the materials at issue are stale, whether those warrants authorize the seizure and review of these materials for the crimes at issue in this case, whether the lead case agents or prosecution team in this case have been exposed to privileged materials, and what the proper procedures are, if any, for review of the materials at issue. *See* ECF 71 at 1, 5, 6, 8–10, 12.

Accordingly, it is hereby

ORDERED that Magistrate Judge William E. Fitzpatrick is hereby appointed to preside over all proceedings related to the potential review of privileged materials in this case in accordance with the guidance provided in *In re Search Warrant Issued June 13, 2019*, 942 F.3d

159 (4th Cir. 2019), *as amended* (Oct. 31, 2019) and directed to promptly schedule a hearing to address these matters.

The Clerk of Court is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

October 29, 2025
Alexandria, Virginia

3